**The People of the State of Illinois, Plaintiff-Appellee, v. Wayne J. Gasparas, Defendant-Appellant.**

Gen. No. 52,105.

First District, Fourth Division.

September 18, 1968.

Walter C. Wellman, of Lyons, for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Oliver D. Ferguson, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

Defendant was found guilty by a jury of resisting arrest and after a judgment on the verdict was sentenced to one year's probation and a fine of $50 plus costs.[1] On

---

[1] Defendant was also charged with reckless driving and disorderly conduct arising out of the same occurrence. A verdict was di-

appeal he contends that a verdict of not guilty should have been directed because (1) the man who arrested him was not a police officer, (2) acquittal of the charges for which he was arrested requires acquittal of the charge of resisting arrest, (3) he was not proven guilty beyond a reasonable doubt and (4) the complaint was defective in that it failed to allege the municipality, county or state where the crime charged took place. Defendant argues in the alternative that he is entitled to a new trial because he was unduly restricted by the court in closing argument and because the court erred in ruling on certain instructions.

The complaint states:

> Andrew Tomi, complainant, now appears before The Circuit Court of Cook County and in the name and by the authority of the People of the State of Illinois states that Wayne J. Gasparas has, on or about 6–16–66 at 84th Ave. & 81st. committed the offense of Resisted Arrest in that he knowingly resisted or obstructed the performance by one known to the person to be a peace officer performing his duties within his official capacity, in violation of Chapter CH 38 Section 31-1 Illinois Revised Statute And Against The Peace And Dignity of The People of The State of Illinois.

Andrew Tomi, the complaining witness, testified that he was a long-distance bus driver and a part-time policeman for the Village of Justice, that at three forty-five on the afternoon of June 16, 1966, while wearing his uniform and driving a squad car he stopped a motorist near a stop sign at 79th and Oak Grove in the Village of Justice, that the motorist stopped in the right lane and he pulled his squad car alongside in the left lane to lecture

rected in his favor on the charge of reckless driving and he was found not guilty of disorderly conduct by the jury.

him on an infraction of the law and that although there was moderate traffic there was room to pass in the oncoming traffic lane on the left. He said that about one minute later a car came up behind them and began honking, that he let the motorist go without giving him a ticket and got out of the squad car to find out what was the matter with the car behind him, that defendant occupied the car which had honked and that he asked defendant, "What's your problem?" Tomi testified that defendant used obscene language and told him to stop blocking the road, that he told defendant if he kept it up he would be arrested for disorderly conduct and that he finally informed defendant he was under arrest. Tomi said that defendant continued using profanity, that defendant stated that Tomi was not a policeman and should move out of the way, that he told defendant to stay put and that when he got into the squad car to radio for assistance, defendant drove off. The witness testified that he chased defendant, that the route proceeded through 84th Avenue and 81st Street and led to defendant's home from which he was taken to the police station and that during this chase defendant traveled forty-two miles per hour in a twenty-mile zone.

Tomi was asked to produce his police department commission and this revealed that his commission had expired on April 30, 1966. Defendant then introduced a judgment order of the Circuit Court which was handed down on June 15, 1966, (hereinafter referred to as the "June 15 order") the day before the occurrence in issue and which stated that in regard to Andrew Tomi and other named policemen appointed by the President and the Board of Trustees of the Village of Justice their appointments were "wholly void and of no force and effect"; that defendant's father, Mirko Gasparas, (a plaintiff in that case) was entitled to tenure as Captain of Police and that the appointment of Edward Naydack

(who had ordered Tomi to duty on June 16) as Superintendent of Police was void.

The defendant, Wayne Gasparas, testified that he had been a volunteer fireman and had known Tomi when he was with the fire department; that on the afternoon of June 16, 1966, at about four o'clock he came upon Officer Tomi parked alongside another car; that the roadway was only two and one-half lanes wide (the cars coming from the opposite direction had to move off on the dirt edge to get by) and that the traffic was too heavy for him to go around. He said that it appeared to him that Tomi was just having a discussion and was not involved in traffic regulation; that he waited about two minutes and then honked; that he waited another minute and blew the horn again and was told by Tomi to shut up; that he waited another minute and honked and that the motorist then departed and Tomi got out and approached defendant's car. He said that they argued about whether Tomi had been discussing a traffic violation or was just talking; that Tomi invited him to "take a poke" at him, which he refused to do; that he told Tomi he (Tomi) was not a policeman, that Tomi told him he was under arrest but refused to tell him why and that after telling Tomi he would not stay without receiving an explanation of why he was under arrest, he left. He said that he drove between fifteen and twenty miles per hour on his way home and at no time drove forty-two miles per hour.

Defendant first contends that, since Tomi was not a police officer, he should have received a directed verdict on the charge of violating Ill Rev Stats 1965, c 38, § 31–1, which reads as follows:

> A person who knowingly resists or obstructs the performance by one known to the person to be a peace officer of any authorized act within his official capacity shall be fined not to exceed $500 or imprisoned in a penal institution other than the penitentiary not to exceed one year, or both.

The State argues that since Tomi wore a police uniform and badge, drove a police car and had not been apprised of any change in his status, he was a de facto police officer and had sufficient authority to put defendant's behavior within the above statute. In support of this contention it cites People v. Board of Review of Peoria County, 19 Ill2d 424, 167 NE2d 553. That case is inapplicable since the court decided only that the acts of members of the Board of Review (in reviewing property assessments) could be challenged in certain statutory proceedings and not in the quo warranto proceeding then before the court. The State also cites People v. McCann, 247 Ill 130, 93 NE 100. However, that case held that one who occupied a public office could not defend against a charge of bribery by urging the legal deficiencies of his appointment to that office. Finally the State cites State v. Stago, 82 Ariz 285, 312 P2d 160, a case in which the invalidity of the appointment of a law officer was raised as a defense to a resisting arrest charge. The court there held that the statutory requirement with which the officer's appointment failed to comply was merely directory and did not deprive him of authority to make the arrest.

█ █ To sustain the charge of resisting arrest the State must show that defendant knowingly resisted the performance by one known to him to be a peace officer of an authorized act within his official capacity. It is uncontradicted that Tomi's commission as a policeman expired on April 30, 1966, and that on June 15, 1966, (the day prior to the arrest) his appointment was held to be void and of no force or effect.[2] Chief Naydack who

---

[2] The trial court in denying defendant's motion to dismiss the complaint relied on the fact that the order of June 15 was not a final order since an appeal had been filed. However, the appeal did not operate as a supersedeas and the order of June 15 was in full force and effect. Subsequently it was affirmed in People ex rel. Gasparas v. Village of Justice, 88 Ill App2d 227, 231 NE2d 669.

assigned Tomi to work on June 16 had been ordered on June 15 to "cease and desist from exercising any right to the purported office of Police Superintendent of said Village of Justice, Illinois" in a court action to which he was a party defendant. The officer's claim that he did not know of the court's order of June 15 is not relevant. He had no authority, actual or "de facto." Additionally it is undisputed that defendant told Tomi in no uncertain terms that Tomi was not a police officer. Since defendant's father was one of the plaintiffs in the court action which declared Tomi's appointment to be void, it is understandable that defendant had knowledge concerning that order. Under all these circumstances we believe that defendant's motion for a directed verdict should have been sustained.

In view of the above, we find it unnecessary to discuss defendant's remaining contentions.

The judgment of the Circuit Court is reversed.

Reversed.

McCORMICK, P. J. and ENGLISH, J., concur.