THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES R. SHINN *et al.*, Defendants-Appellants.

(No. 71-18;

Third District—May 22, 1972.

Stuart Lefstein, of Rock Island, for appellants.

David L. Thompson, Assistant State's Attorney, of Rock Island, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Defendants were charged in separate criminal complaints with resisting or obstructing a peace officer on March 7, 1970, in violation of Chapter

38, Section 31-1, Illinois Revised Statutes. In a joint trial before a jury both defendants were found guilty.

Both complaints were identical in wording, except for the named defendants, and each charged that the defendant:

"* * * did then and there knowingly resist or obstruct the performance by Officers Ford, Trudel, Grafton, and Nielsen of an authorized act, to-wit: refused to obey officers orders and resisted arrest, said defendant * * * then and there knew that said Officer Ford, Trudel, Grafton, and Nielsen were peace officers * * *."

Both defendants with their wives were in a combination bowling alley and bar where alcoholic beverages were served and entertainment and dancing were offered to the public.

The manager of the establishment testified he heard the defendants discussing starting a fight with another unknown patron. He cautioned them not to cause a problem. The manager talked with them on several occasions about not causing a problem. On one occasion they said that there would be no problem, they would just bust the unknown patron in the head. The manager further observed one of the defendants elbow a patron in the back and later observed that defendant talking with the patron but he could not hear the conversation.

The manager then asked the defendants to leave. When the defendants refused to leave, the manager told them he would call the police and the defendants stated that they had not done anything and they were not going to leave and the police could not make them leave.

Defendants denied striking or threatening anyone.

The police were called and they asked the defendants to leave. Defendants refused to leave unless charged with something. An officer then placed them under arrest. Defendants got their coats and an officer then took hold of one of the defendant's arms. The defendant pulled away and told the officer to keep his hands off. The defendant again was taken by the arm by an officer who started to pull him out. The defendant told the police officer he wasn't strong enough to do that and the officer then placed a forcible hold on the throat of the defendant. The other defendant, who had been walking along with another officer, then lunged at the officer who had applied the throat hold and he was then subdued by other officers.

Defendants and their witnesses testified that they gave the officers no cause to take hold of one of the defendant's arms and that after that occurred, their actions and their words were directed solely to making the officers release them.

The defendants raised the following issues: (1) they were not proven guilty beyond a reasonable doubt; (2) that the complaints failed to state

a criminal offense; (3) that the court erred in the giving of certain instructions; (4) that the State's Attorney made improper argument; (5) that the court erred in denying an offer of proof.

In presenting their first point, the defendants maintain that there was a failure to prove that the police officers were performing an authorized act. They urge the proposition that a person may resist by force an unlawful arrest for the reason that an unlawful arrest is not an authorized act. They cite *People v. Royer*, 101 Ill.App.2d 44, 242 N.E.2d 288, a Fifth District case, which supports their position. We could avoid the issue by holding the arrest lawful, but we feel that the question of the use of force to resist an officer making an arrest to be of such paramount concern to the public that we should express our opinion.

*People v. Carroll*, 272 N.E.2d 822, a First District, Third Division case, held that a person may not use force to resist an arrest by one he knows to be a police officer, even if the arrest is unlawful.

Both cases discuss Section 7-7 of Chapter 38, Illinois Revised Statutes, which reads in part:

"A person is not authorized to use force to resist an arrest which he knows is being made either by a peace officer * * * even if he believes that the arrest is unlawful and the arrest in fact is unlawful."

The *Royer* case holds that Section 7-7 is merely a limitation on the right to invoke the affirmative defense of justification provided for in other provisions of Article Seven of Chapter 38, Illinois Revised Statutes, and is not to be considered in connection with the defense of resisting a police officer while making an arrest.

The Committee Comments afte both Sections 7-7 and 31-7, Chapter 38, Illinois Revised Statutes, indicate clearly the intention to prohibit the use of force in resisting an arrest even if unlawful.

*People v. Young*, 100 Ill.App.2d 20, 241 N.E.2d 587, 589, and *Landry v. Daley*, 280 F. Supp. 938, 960, both recognize that the use of force in resisting an unlawful arrest is a violation of Section 31-1, Chapter 38, Illinois Revised Statutes. To hold otherwise encourages the very situation which occurred in this case. The defendants were arrested by a police officer and there is sufficient evidence from which the jury could find that the defendants resisted the arrest by the use of force and that their use of force was not in defense of excessive force used by the police. The resolution of conflicts in testimony is appropriately a matter for the trier of facts and only where the evidence is so unsatisfactory as to leave a reasonable doubt as to the defendant's guilt will the trial court's determination be disturbed. *People v. Hoffman*, 45 Ill.2d 221, 258 N.E.2d 326, 329.

Defendants cite *Shuttlesworth v. Birmingham*, 382 U.S. 87, 15 L.Ed.2d

472

176, 179, 86 S.Ct. 211, and *Garner v. Louisiana*, 368 U.S. 157, 7 L.Ed.2d
207, 212, 82 S.Ct. 248. While both cases stand for the principle that
peaceful protest cannot be prohibited, they do not hold that a state may
not prohibit the use of force in resisting an unlawful arrest.

■ Authorized means "endowed with authority." (*People v. Young,*
100 Ill.App. 20, 241 N.E.2d 587, 589.) A reading of Sections 31-1 and
7-7, Chapter 38, Illinoiis Revised Statutes, the Committee Comments
accompanying the respective sections, and the cases cited herein per-
suades us to find that a peace officer is endowed with authority to make an
arrest and that his act of arrest is authorized to the extent that a person
may not use force to resist or obstruct the arrest, even though it may in
fact be an unlawful arrest.

■■■ We therefore agree with *People v. Carroll, supra,* and hold that
a person may not use force to resist arrest by one he knows to be a
peace officer, even if the arrest is unlawful. We further hold that one
person may not use force to either obstruct the arrest of another person
or aid in the resistance of another person to arrest, where the arrest is
being made by one he knows to be a peace officer, even if the arrest is
unlawful.

Defendants next contend that the complaint failed to state an offense
because the complaint did not contain the words "within their official
capacity." Section 31-1, Chapter 38, Illinois Revised Statutes, reads in
part:

"A person who knowingly resists or obstructs the performance by one
known to the person to be a peace officer of any authorized act within
his official capacity   *   *   *."

■■ Since we have already held that a peace officer is endowed with
authority to make an arrest, the act of arrest by its very nature is "within
his official capacity." The defendants were informed by the complaint
that they were charged with resisting or obstructing an arrest by persons
known by them to be peace officers. The complaint charged an offense
and the trial court did not err in denying the defendants' motion in arrest
of judgment.

■■ Defendants contend the court erred in refusing certain instructions.
The trial court refused Defendants' Instruction 12 which defined resisting
or obstructing as requiring the defendants to be engaged in physical acts
and that words or verbal protest do not constitute resisting or obstructing.
We consider this instruction to emphasize only active resistance. A defi-
nition of resisting or obstructing under the evidence in this case should
have informed the jury that resistance or obstruction may be passive as
well as active. (*People v. Raby,* 40 Ill.2d 392, 240 N.E.2d 595, 601.) The
court did not err in refusing the tendered instructions.

■■ Defendants' Instructions 13 and 14 dealt with the amount of force a peace officer could use in making an arrest. They argue that the evidence raised the defense that their resistance was not to the arrest, but to the excessive use of force by the police officers in making the arrest. Assuming the defendants' evidence raised the issue of resistance to the use of excessive force by the officers, the proper instruction would have been under Section 7-1, Chapter 38, Illinois Revised Statutes, which defines the use of force in defense of person. (See Committee Comments 7-7, Chapter 38, Illinois Revised Statutes.) While instructions on the use of force in making an arrest might have been proper if used in conjunction with an instruction on the use of force in defense of person, in the absence of such instruction we do not consider their refusal as error requiring reversal.

■■ Defendants' Instructions 10 and 11 dealt with the right of the police officers to order the defendants from the premises. The complaint in this case is basically for resisting arrest. An arrest was made and since we have held that the lawfulness of that arrest is not an issue in this case, it was not error to refuse the tendered instructions.

■■ We have reviewed the arguments of the State's Attorney objected to by the defendants. We do not consider these remarks of the State's Attorney to have exceeded the bounds of legitimate argument under the circumstances of this case.

■■ Lastly the defendants argue that the court erred in refusing an offer of proof that the wife of one of the defendants was handcuffed for verbally protesting. The wife was not on trial. The propriety of the officers' treatment of the wife, or of her conduct, might be the basis of some other action, but they are immaterial in this cause. *People v. Raby,* 40 Ill.2d 392, 240 N.E.2d 595, 602.

The judgments of the Circuit Court of the Fourteenth Judicial Circuit, Rock Island County, are affirmed.

Judgments affirmed.

ALLOY, P. J., and DIXON, J., concur.