THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RUBEN ORTIZ, Defendant-Appellant.

(No. 59002; )

First District (4th Division)—November 14, 1973.

14

James J. Doherty, Public Defender, of Chicago (Ronald P. Alwin, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and William K. Hedrick, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

The defendant, Ruben Ortiz, was charged by complaint with disorderly conduct, resisting arrest and battery in the municipal division of the circuit court of Cook County. After a bench trial, the defendant was found not guilty of disorderly conduct, and guilty of resisting arrest and battery. He was fined $100 for resisting arrest and was sentenced to thirty (30) days in the House of Correction for the battery conviction. He appealed from the judgment of conviction and sentence.

The issues presented for review are:

1. Whether the defendant was proven guilty of resisting arrest and battery beyond a reasonable doubt.
2. Whether the defendant understandingly, knowingly and voluntarily waived his right to trial by jury.
3. Whether the defendant was justified in resisting arrest.
4. Whether it was error to convict the defendant of both resisting arrest and battery arising from the same conduct.

On June 25, 1972 about 3:45 P.M. Chicago Police Officer Michael Chasen was working in plain clothes in an unmarked police vehicle driven by his partner, Ralph Zons, in the vicinity of 5150 North Avenue, Chicago. Officer Chasen observed defendant, Ruben Ortiz, whom he knew and had met on other occasions, and a few other males in a parked

vehicle at that address. As the officers drove by they noticed a "flurry of activity" in the car. The officers proceeded around the block because of the traffic behind them. As they reached the intersection of Winthrop and Foster, Chasen noticed the occupants of the car get out and enter the schoolyard of Gowdy Elementary School, where there were numerous elementary-age school children. Chasen entered the schoolyard and observed the males he had seen in the car.

Although Officer Chasen admitted on cross-examination that Ortiz was doing nothing illegal, the officer announced his office, displayed his badge and prepared to conduct a search. When he asked the boys to line up against the wall, Officer Chasen testified that Ortiz "pushed himself into a corner so that search would be impossible." Chasen attempted to place Ortiz in a position where he could make a search. While Ortiz was turned away from him, Officer Chasen testified that he placed his right hand in Ortiz' crotch and his left hand in the middle of Ortiz' back so as to pull him out of the corner. Chasen said Ortiz struck him in the shoulder and jumped on him. They fell to the ground and Chasen got on top of Ortiz and handcuffed him. After Ortiz was handcuffed, Chasen's partner called for assistance. Ortiz was placed in a squad car, advised of his rights and transported to the 20th District Station. The record does not show if the search was completed or what, if anything, was found.

Ortiz testified that he was near his car, which he had entered to get a basketball, when he first saw the officer. Ortiz and his friends then entered the schoolyard where they played basketball every day. He observed Officer Chasen go around the block and then come into the schoolyard gate. Ortiz claimed that Officer Chasen had beaten him in a park on a previous occasion. At the time Police Officers Chasen and Zons approached the boys, neither Ortiz nor his friends were violating any law. As he was going toward the police officer, Chasen said, "You're not fast enough." The officer told him to go into the alley, but he refused to go because Chasen had beaten him up before. When Officer Chasen told him and his friends to get up against the wall, Ortiz told him he didn't do anything. Chasen said, "Don't get smart with me" and pushed him against the wall. When Ortiz said, "You don't have to push me so hard against the wall, I ain't doing nothing," Chasen said, "I'm going to get you for disorderly conduct." Ortiz denied striking or kicking Officer Chasen. He said the officer threw him to the ground and handcuffed him. Defendant was 18 years old at the time of trial.

Ortiz was found not guilty of disorderly conduct, but guilty of resisting arrest and battery. He was fined $100 for resisting arrest and sentenced to thirty (30) days in the House of Correction for the battery conviction. ■■ The arrest in this case was made without a warrant and without

reasonable grounds to believe that a warrant had been issued for the defendant in this State or in another jurisdiction. There was no reason to believe that the defendant was committing or had committed any offense at the time Officer Chasen told him to line up against the wall to be searched. There was no evidence that there was any reasonable grounds for any arrest, or even a stop and frisk, before the attempted search. The arrest failed to comply with the provisions of the Criminal Code as set out in Ill. Rev. Stat. 1971, ch. 38, § 107—2.

■■ As this court has stated in the case of *People v. Royer* (1968), 101 Ill.App.2d 44, 48-50, 242 N.E.2d 288:

> "To sustain the charge of resisting arrest under section 31—1 of the Criminal Code, the prosecution must show, among other things, that the defendant knowingly resisted the performance by one known to him to be a peace officer of an authorized act within his official capacity. (People v. Gasparas, 98 IllApp2d 391, 240 NE2d 716.)
>
> We conclude that the prosecution has failed to prove * * * that Officer Kelly had reasonable grounds to believe that the defendant, Royer, was committing or had committed an offense.
>
> * * *
>
> Bare suspicion will not justify an officer in making an arrest. People v. Peak, 29 Ill2d 343, 194 NE2d 322.
>
> * * *
>
> Section 7—7 of the Criminal Code is meant to be a limitation on the right to invoke the affirmative defense of justification provided in other provisions of Article 7 authorizing the use of force by an individual in resisting arrest by one known to be a peace officer or by a private person summoned and directed by a peace officer to make the arrest even if one believes the arrest to be unlawful and the arrest, in fact, is unlawful.
>
> Appellee admits that the record does not disclose whether the arrest was lawful or unlawful and that this court may assume for the purpose of its decision that the arrest was, in fact, unlawful.
>
> Appellee further states that the defendant knew the individual making the arrest was a police officer, therefore by virtue of section 7—7 of the Criminal Code the defendant was forbade from resisting the arrest. Further they say sections 31—7 and 7—7 of the Criminal Code should be read together. With this we cannot agree.
>
> We deem it unnecessary to decide whether a defense of justification would be available to the defendant under the facts in this

case in that the prosecution has failed to prove the act Officer Kelley was performing to be an authorized act.

In view of the foregoing the judgment and conviction in the Circuit Court of Madison County is reversed."

In the case of *People v. Bush* (1972), 4 Ill.App.3d 669, 281 N.E.2d 734, at page 672, the court stated:

"Our law recognizes the rule that the testimony of one witness alone, when it is positive and the witness credible, is sufficient to convict even though the testimony is contradicted by the accused. (*People v. Miller*, 30 Ill.2d 110, 113, 195 N.E.2d 694; *People v. Jennings*, 84 Ill.App.2d 33, 39, 228 N.E.2d 566.) It was the function of the jury to determine whether Officer Manley's testimony alone, concerning defendant's conduct, was entitled to belief. It is the function of this court to review all of the evidence, including officer Manley's testimony, and determine whether defendant was proven guilty of the crime charged beyond a reasonable doubt. Where our review of the record leaves us with a grave and substantial doubt of defendant's guilt, it is our duty to reverse his conviction. *People v. Willson*, 401 Ill. 68, 73, 81 N.E.2d 485; see *People v. Butler*, 28 Ill.2d 88, 190 N.E.2d 800; *People v. Gibbs*, 119 Ill.App.2d 222, 225 N.E.2d 486.

\* \* \*

Therefore, on evidence which also discloses that defendant was arrested and charged with a crime the jury found he did not commit; that he was beaten to a point that required two days of hospitalization, affirmance of this conviction would cap indignity with injustice. The judgment is reversed."

In this case, not even the testimony of Officer Chasen afforded him any reasonable grounds to believe that defendant and his friends entered the school playground at 3:45 P.M., after school hours, for any unlawful purpose. He did not ask them their reason for being there which could have been explained. Instead, without question or reason to stop or frisk for obvious or concealed weapons or contraband, he ordered them to "line up against the wall." Despite Ortiz's insistence that he "wasn't doing anything," he ordered him into the alley, where the defendant refused to go because of previous altercation with this officer.

■■ He told the defendant that he would get him for "disorderly conduct." The court below, without a jury, found the defendant not guilty of disorderly conduct. Without a valid arrest, the conduct of the officer in lining the defendant and his friends up against the wall, and defendant placing himself in the corner to avoid being searched, and the

18

officer placing his hands in the defendant's back and in his crotch to forcibly search him without his being under arrest for any offense, was not performance of an authorized act within his official capacity. Defendant denied that he ever struck or kicked the officer, but stated that the officer threw him to the ground and put handcuffs on him.

The court in the *Bush* case said at page 673: "In judging the sufficiency of this testimony as evidence, we bear in mind that, on the crucial point of the State's case, Manley was more than the only witness; he was the accuser whose testimony concerning his reason for arresting the defendant was rejected by the jury." In the case at bar Officer Chasen was the only witness and the accuser. His testimony concerning his reason for arresting the defendant was rejected by the trial court.

After reviewing all the evidence and circumstances surrounding this case, we find that the defendant was not proved guilty beyond a reasonable doubt of resisting arrest and battery.

In view of our conclusion on this issue, we need not consider defendant's other contentions.

For the reasons given, the judgment and convictions are reversed.

Reversed.

DIERINGER and ADESKO, JJ., concur.