THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FRANCES Foss, Defendant-Appellant.

(No. 73-35;

Second District—April 9, 1974.

Steven Helfer, Public Defender, of Oregon, for appellant.

Richard L. Caldwell, State's Attorney, of Oregon (Peter J. Woods, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

On the afternoon of July 10, 1972, the defendant was sitting in Frankie's tavern in Rochelle, Illinois. She got into an argument with her boy friend and hit him with her purse. The bartender told her she could not do that and she replied that she was having a personal conversation. The bartender then said "Well, I am going to call the police" and proceeded to do so. In reply to the police call a police officer came to the tavern. When the police officer entered the tavern the defendant was at the pay telephone making a phone call. She testified that "I had my 13 year old daughter from Rockford down to visit us and I knew if the cops arrested me I wanted to see she got back to Rockford O.K." At this point the testimony is conflicting. The officer testified that he talked to the bartender who stated that she wanted to sign a complaint for disorderly conduct against Frances Foss and have her removed from the bar. The bartender pointed out Mrs. Foss and the police officer went up to the defendant and said, "Ma'am, that will be your last phone call

until we get to the police station. You are under arrest for disorderly conduct." The defendant then told the police officer to go to hell. She thereupon struck the police officer with her hand, a wrestling match ensued in which defendant bit the police officer in the leg, scratched him on the arm, and then bit him in the arm. By this time assistance arrived in the form of another police officer and he in turn was kicked in the groin. Apparently one of the officers sat upon the defendant; she grabbed him by the leg and he proceeded to walk out of the tavern with her holding on to his leg. She was forcibly put in the squad car. The defendant testified that she weighed 100 pounds.

Defendant was charged with resisting a police officer in violation of section 31—1 of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, sec. 31—1). She was tried in a bench trial and fined $350. The trial judge upon finding that she was unemployed offered to let her pay the fine at the rate of $2.50 a week, but she agreed she could pay $10 a week. However, she has now appealed.

Defendant contends: (1) that the court should have granted a verdict of acquittal on the charge of resisting arrest in that it was never proven it was a lawful arrest; and (2) that we should "consider probation." At the time of the conviction of the defendant the State recommended a fine of $50. The State, in the case before us, joins in part with the defendant and requests that the fine of $350 be reduced. As the State has said, in view of the "impoverished financial condition of the defendant", we will reduce the fine to $25. However, we do not agree that the court should have found the defendant innocent of the charge of resisting arrest.

The pertinent provisions of the statute relative to resisting arrest are as indicated above (Ill. Rev. Stat. 1971, ch. 38, sec. 31—1), and although not mentioned by either counsel for the State or the defendant section 7—7 of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, sec. 7—7) is applicable. There is a seeming conflict in the law of Illinois on the right of a citizen to resist an unlawful arrest. In *People v. Carroll* (1971), 133 Ill.App.2d 78, 80, 272 N.E.2d 822, 824, Justice Dempsey considered a case where the defendant was charged and convicted of violating section 31—1 of the Criminal Code (Ill. Rev. Stat. 1967, ch. 38, sec. 31—1). The defendant therein was also charged with aggravated assault, aggravated battery, obstructing a police officer, and disorderly conduct. All of these charges except the one for resisting arrest were dismissed. Nonetheless, the court held that "Carroll's running away was a physical act which impeded and delayed his arrest; it was also a forcible act of resistance. A person may not use force to resist an arrest

by one whom he knows to be an officer of the law, even if the arrest is unlawful. Ill. Rev. Stat. 1967, ch. 38, par. 7—7." The court well stated the situation in our society today:

"A police officer may not make an arrest unless he believes that probable cause exists justifying the arrest. Whether there is probable cause is initially a question for the arresting officer. Ultimately, however, it is a question for the courts. If a court finds that there was no probable cause, the accused will be acquitted of the charge and evidence acquired as a result of the arrest will be suppressed. Since a police officer must make the initial determination, and since his office gives him the authority to make an arrest, an accused may not physically resist the arrest. He may inquire as to its reason; he may point out the officer's mistake; he may protest and argue; but he may not impede the arrest by physical action. The public interest in discouraging violence and in insisting on the use of peaceable methods of obtaining release from unlawful custody outweighs the outrage felt by the individual who is subjected to unlawful police conduct." 133 Ill.App. 2d at 80, 272 N.E.2d at 824.

However, Justice Dempsey in a prior case, *People v. Young* (1968), 100 Ill.App.2d 20, 241 N.E.2d 587, considered a factual situation somewhat different from the *Carroll* case and determined the issue was whether the defendant resisted an "authorized" act. In the *Young* case, police officers attempted to serve a search warrant on the premises of Aubrey Young and ended up in the apartment of Willard Young. Mrs. Willard Young, 8-months pregnant, resisted and was charged with resisting arrest under section 31—1 of the Criminal Code (Ill. Rev. Stat. 1965, ch. 38, sec. 31—1). The court pointed out the apparent difference between the opinions on this subject in the courts of Illinois at that time. The *Young* court went on to hold that, under the facts before it, section 7—7 applied only to arrest, and the officers had no authorization to search the apartment of Willard Young with a warrant issued for the premises of Aubrey Young.

No attempt is made in this opinion to reconcile the apparent differences in the cases on this subject but mention is made of these cases for general information.

In *People v. Bush* (1972), 4 Ill.App.3d 669, 672, 281 N.E.2d 734, the court stated, "Plainly, if defendant (from what he was told) knew that Manley was a policeman yet pushed him and knocked him down, he committed the offense of resisting a police officer." However, the court went on in *Bush* to find that the police officer and the police woman in question were not in uniform, were casually dressed, and that the de-

fendant was authorized in resisting arrest from the facts therein. The appellate court in *Bush* found the defendant was not guilty beyond a reasonable doubt. This case is cited with approval in the recent case of *People v. Ortiz* (1973), 16 Ill.App.3d 13, 305 N.E.2d 205, where the officers arrested the defendant in the middle of the afternoon in a playground; defendant resisted, was charged with disorderly conduct, and the jury found him not guilty. Likewise, in *Ortiz*, the case of *People v. Royer* (1968), 101 Ill.App.2d 44, 242 N.E.2d 288, was cited with approval. In *Royer* the court considered the arrest as unlawful because the officer had no reasonable ground to believe that the defendant had committed or was committing an offense. The court therefore reversed the conviction of resisting arrest.

Recently, in *People v. Suriwka* (1971), 2 Ill.App.3d 384, 276 N.E.2d 490, the First District again considered the contention that defendant's conviction for resisting arrest should have been reversed because there was neither a lawful arrest nor a knowing resistance. The court in *Suriwka* said at page 391:

> "Demus contends that his conviction for resisting arrest must be reversed because there was neither a lawful arrest nor a knowing resistance.   \*   \*   \*
>
> A further contention is that the arrest was invalid because Demus was engaged in no unlawful activity at the time of the arrest. Even if probable cause for the arrest were lacking, Demus had no right to use physical force to impede it. *People v. Carroll* (1971), (Ill.App.2d), 272 N.E.2d 822. His conviction is affirmed."

In a similar case to the one before us, *People v. Hoffman* (1970), 45 Ill.2d 221, 258 N.E.2d 326, Abbie Hoffman was in a restaurant, he resisted the arrest, and was subsequently charged with disorderly conduct and resisting arrest under section 31—1 of the Criminal Code (Ill. Rev. Stat. 1967, ch. 38, sec. 31—1). He was later acquitted of the disorderly conduct charge, but the supreme court found that the officers had probable cause for the arrest and affirmed the finding of guilty of resisting arrest under the provisions of section 31 of the Criminal Code (Ill. Rev. Stat. 1967, ch. 38, sec. 31—1). See also *People v. Shinn* (1972), 5 Ill.App. 3d 468, 283 N.E.2d 502; *People v. Gnatz* (1972), 8 Ill.App.3d 396, 399, 290 N.E.2d 392.

In the case before us there is no question that the defendant knew that the officer in question was a policeman as she was arrested in the process of calling relatives of her daughter to advise them that she might be arrested and might not be home. The police officer was perfectly justified in making the arrest as the bartender stated to the

police officer that she wanted to sign a complaint against the defendant for disorderly conduct and pointed the defendant out to the officer. The trial court found, however, that the arrest was "illegal." With this we disagree from the facts herein. However, the trial court believed the testimony of the police officer rather than that of the defendant. In the absence of a miscarriage of justice, the determination of the guilt of the defendant based upon conflicting evidence will not be set aside. (*People v. Pagan* (1972), 52 Ill.2d 525, 534, 288 N.E.2d 102.) Finding of guilty is affirmed; fine reduced to $25.

Affirmed as modified.

T. MORAN, P. J., and SEIDENFELD, J., concur.