NICHOLAS MIGLIORE, Plaintiff-Appellant, *v.* THE COUNTY OF WINNEBAGO *et al.,* Defendants-Appellees.

(No. 73-177;

Second District—December 27, 1974.

Foster A. Smith and David F. Smith, both of Loves Park, for appellant.

North, North & Ohlson, of Rockford (Larry E. Ohlson, of counsel), for appellees.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Plaintiff brought an action under the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1971, ch. 85, § 2—202) to recover damages caused by the alleged wilful and wanton misconduct of the defendants. The jury returned general verdicts finding the defendants not guilty. The jury further found, by way of two special interrogatories, that the defendants were not, but the plaintiff was, guilty of wilful and wanton negligence which proximately caused the occurrence in question.

Plaintiff appeals contending that (1) the conduct of defendants was

wilful and wanton; (2) plaintiff's conduct, as a matter of law, was not wilful and wanton; (3) the trial court erred in admitting certain evidence; (4) defense counsel's argument to the jury was prejudicial; and (5) the jury was improperly instructed.

On April 28, 1971, an attorney called plaintiff and asked if he would testify the next day in a matter involving the construction of a swimming pool. Plaintiff refused. The attorney informed plaintiff that he would have him subpoenaed. Plaintiff responded that he intended to evade the subpoena.

Later that same day, Winnebago County deputies Sweet and Kraut were commanded by subpoena to summon "Nick Migliore, Rockford Sewer, 6204 Forest Hills, Loves Park, Ill." to testify the following afternoon in the circuit court in Rockford, Illinois. A check for $12, made payable to Nick Migliore, was attached to the subpoena. That evening, the officers, both in uniform, arrived at the address and were admitted by plaintiff. One of the officers told plaintiff they were there to serve Nick Migliore with a subpoena, and asked if he was that person. Plaintiff stated, "I don't know." The officer again asked and plaintiff responded, "Get out, you are on private property." Thereupon, the officer touched the plaintiff's right arm with the subpoena, laid it on the desk, and left the premises. The officer testified that he was certain that the person with whom he spoke was Nick Migliore.

Later that some evening, the officers became concerned over the earlier events, contacted their superior, Detective Heisler, and were directed to meet him at the plaintiff's house. Upon their arrival at the home, the detective identified himself and plaintiff allowed them to enter his garage. The detective explained that they were there to serve a civil subpoena on Nick Migliore and asked the plaintiff his name. The plaintiff told them to get off the premises, that they were trespassing. The detective told the plaintiff that if he did not tell them who he was, they would arrest him for obstructing a police officer. Plaintiff again told the officers to leave the premises, whereupon he was arrested for the charge stated.

Plaintiff was searched, handcuffed and transported to the police station where, on inquiry and for the purposes of being booked and fingerprinted, he identified himself as Nick Migliore. He was released the following morning after posting bond. On June 10, 1971, the criminal charge was dismissed on motion by the State's Attorney.

Plaintiff's complaint charges that the defendants' conduct, which proximately caused his injuries, was wilful and wanton. He asserts (a) that the jury erred in finding the defendants not guilty of wilful and wanton misconduct, and (b) that as a matter of law, he was not guilty of wilful

and wanton misconduct. Plaintiff's position is bottomed on the premise that he has no legal duty as a private citizen to give police officers his name when he is in his own home.

At the time the officers attempted to serve the subpoena, they were under a legal duty to do so. (Ill. Rev. Stat. 1971, ch. 125, § 15.) If they failed to obey the command of tht subpoena they could be held in contempt of court and also held liable for damages to the aggrieved party. (Ill. Rev. Stat. 1971, ch. 125, § 16.) A witness shall respond to any lawful subpoena of which he has actual knowledge if payment of the fee and mileage has been tendered. (Ill. Rev. Stat. 1971, ch. 110A, § 237(a).) Upon execution, the officer must complete the return which states:

> "I have duly served the within writ by reading the same to the within named_____as I am hereby commanded this_____day of_____, 19____."

After accomplishment of the above, the witness is under a legal duty to appear; refusal may constitute contempt of court. Ill. Rev. Stat. 1971, ch. 38, § 155—2.

■■ A citizen also has legal duties: not to knowingly resist or obstruct a police officer in the performance of any authorized act (Ill. Rev. Stat. 1971, ch. 38, § 31—1); and not to knowingly resist or obstruct the authorized service of any civil process (Ill. Rev. Stat. 1971, ch. 38, § 31—3). Courts do not favor those who seek to evade service of summons. (*People v. Rauschenberg*, 29 Ill.App.2d 293, 300 (1961), *aff'd*, 23 Ill.2d 511 (1961).) Resistance or obstruction may be passive as well as active. (*People v. Raby*, 40 Ill.2d 392, 403-03 (1968); *People v. Shinn*, 5 Ill. App.3d 468, 472 (1972); cf. *People v. Gibbs*, 115 Ill.App.2d 113 (1969); *Township of East Brunswick v. Malfitano*, 108 N.J. Super. 244, 260 A.2d 862 (1970); *People v. Cooks*, 58 Cal. Rptr. 550 (Super. Ct. San Diego County 1967); 44 A.L.R.3d 1018 (1972).) A citizen may be found guilty of resisting or obstructing a police officer in the performance of his duty merely by stating that he will not move on when requested to do so by a police officer. *City of Chicago v. Meyer*, 44 Ill.2d 1 (1969).

■■ Applying the law to the facts related, we are of the opinion that at the time defendants attempted to serve the subpoena upon plaintiff, they were acting under a legal, authorized duty. Performance of this duty included a determination that the person to be served was in fact Nick Migliore. The determination was necessary for two reasons: to establish that plaintiff had actual knowledge of the subpoena and to make possible a proper return as commanded by the court. We therefore hold that plaintiff, upon being informed of the nature of defendants' business, was under a legal duty to comply with defendants' request by giving his name.

Plaintiff's theory of the case at bench was premised on the assumption that he was under no duty to give his name to the defendants and, therefore, he committed no offense for which he could be arrested. Based upon this initial premise, plaintiff reasons that the subsequent acts of being arrested, handcuffed, photographed, fingerprinted, and confined constituted wilful and wanton negligence on the part of the defendants.

■■ An officer may arrest without a warrant, when he has reasonable grounds to believe that the person arrested is committing, or has committed, a crime. (Ill. Rev. Stat. 1971, ch. 38, § 107—2(c).) Here, after being specifically advised that his continued refusal to state his name would constitute an obstruction of a police officer in the performance of his duty, plaintiff persisted in his unwarranted action. Under the circumstances, plaintiff's arrest was not improper. The record reveals that defendants, in effecting the arrest, used no unreasonable force. The belligerent attitude of the plaintiff was sufficient basis for the use of handcuffs. Ill. Rev. Stat. 1971, ch. 38, § 7—5.

Upon these facts the jury found defendants not guilty of wilful and wanton negligence. To reverse, it would be necessary that we find the verdict to be against the manifest weight of the evidence, that is, that an opposite conclusion was clearly evident. We cannot so conclude. In reaching this determination it becomes unnecessary for us to consider the issue of whether plaintiff was guilty of any wilful and wanton misconduct as found by the jury.

■■ Plaintiff asserts that his testimony, elicited during cross-examination (that he was subpoenaed because he had earlier refused an attorney's request to voluntarily appear, and that he intended to avoid the service of process), was improperly admitted over objection. He claims that such evidence was immaterial. Where the evidence is offered to prove a proposition which is a matter in issue or is probative of a matter in issue, the evidence is material. (McCormick, Handbook of the Law of Evidence 434 (2d. ed. 1972).) We find the evidence offered was probative of the issue of plaintiff's contributory wilful and wanton misconduct and, consequently, that it was admissible. Unfounded, therefore, is plaintiff's further contention that it was error for defense counsel to comment on this evidence during closing argument.

■■■ Plaintiff further claims prejudicial error in defense counsel's statement in argument that defendants must be found to be 100% at fault in order for plaintiff to recover. Plaintiff argues that he could be negligent and still recover against a wilful and wanton defendant. The statement is correct; however, in the instant cause the word "fault" was used as being synonymous to "wilful and wanton misconduct." While overly broad, the comment was not prejudicial and not reversible error. *La Salle*

804

*National Bank v. Wieboldt Stores, Inc.*, 60 Ill.App.2d 188, 211 (1965). ▮▮ Plaintiff's last contention is that the trial court erred by refusing to give his burden-of-proof instruction in lieu of that of the defendants. Plaintiff's objection, registered at the conference on instructions, was on different grounds than those now asserted on appeal. At the conference on instructions, grounds for objections shall be particularly specified. (Supreme Court Rule 239(b), Ill. Rev. Stat. 1971, ch. 110A, § 239(b); *Johnston v. Basic*, 16 Ill.App.3d 453, 457 (1973).) Where specific objections to instructions not previously noted are raised for the first time on review, or in a post-trial motion, they are not properly preserved for review. *Delany v. Badame*, 49 Ill.2d 168, 178 (1971); *Saunders v. Schultz*, 20 Ill.2d 301, 314 (1960).

For the stated reasons, the judgment of the trial court is affirmed.

Judgment affirmed.

RECHENMACHER and GUILD, JJ., concur.