THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GLENN DEWLOW, Defendant-Appellant.

First District (5th Division)   No. 77-426

Opinion filed October 21, 1977.

James J. Doherty, Public Defender, of Chicago (Zaven Peter Tokatlian and Donald S. Honchell, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Richard J. Barr, Jr., Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

Defendant, Glenn Dewlow, was found guilty of resisting or obstructing a peace officer (Ill. Rev. Stat. 1975, ch. 38, par. 31—1) after a bench trial in the circuit court of Cook County, and he was sentenced to 6 months probation. The issues for review are whether defendant was proved guilty beyond a reasonable doubt, and whether an act which is not physical in nature can constitute obstruction under the terms of the statute.

Officer Frank Ginta, a Chicago Police Department youth officer, testified that on December 14, 1976, he was processing a group of students arrested during disturbances at Sullivan High School. One of those was Rose Gomez, age 16. He testified that it was his duty to review the charge and make a determination of whether the child should be retained at the Audy Home, referred to the court on a predetermined date or "community adjusted" back to the parent, guardian or responsible adult. It was his judgment she should be released according to the latter procedure.

At about 6 p.m., defendant entered the police station, identified himself as Rose Gomez' stepbrother and stated he was there to pick her up. Officer Ginta told him to wait until he had finished processing her. Shortly thereafter, Samuel Reid, Rose Gomez' court-appointed guardian, arrived and told him defendant was not a relative but a "sometimes boyfriend." Officer Ginta then had a brief conversation with defendant. After he was advised of his *Miranda* rights, defendant admitted he was not a relative of Rose Gomez.

Defendant, age 17, testified that on December 15, 1976, he wanted to help his friend, Rose Gomez, because he had been unable to contact her guardian, Sam Reid. He admitted telling Officer Ginta that he was Rose Gomez' stepbrother. He further stated he attempted to get Rose Gomez out of jail, but that she was not released into his custody.

Section 31—1 provides:

> "A person who knowingly resists or obstructs the performance by one known to the person to be a peace officer of any authorized act within his official capacity commits a Class A misdemeanor." Ill. Rev. Stat. 1975, ch. 38, par. 31—1.

In the case of *People v. Raby* (1968), 40 Ill. 2d 392, 399, 240 N.E.2d 595, the supreme court relied on the case of *Landry v. Daley* (N.D. Ill. 1968), 280 F. Supp. 938, *rev'd on other grounds sub nom., Boyle v. Landry* (1971), 401 U.S. 77, 27 L. Ed. 2d 696, 91 S. Ct. 758, which defined the terms "resist" and "obstruct" used in section 31—1, as "some physical act which imposes an obstacle which may impede, hinder, interrupt, prevent or delay the performance of the officer's duties, such as going limp, forcefully resisting arrest or physically aiding a third party to avoid arrest."

In subsequent cases, it was held that physical contact with a police officer was not necessary to establish a violation of the statute (*People v. Gibbs* (1969), 115 Ill. App. 2d 113, 253 N.E.2d 117; *People v. Conner* (1976), 42 Ill. App. 3d 234, 355 N.E.2d 662), and that resistance could be passive as well as active. *Migliore v. County of Winnebago* (1974), 24 Ill. App. 3d 799, 321 N.E.2d 476; *City of Chicago v. Meyer* (1969), 44 Ill. 2d 1, 253 N.E.2d 400; *People v. Shinn* (1972), 5 Ill. App. 3d 468, 283 N.E.2d 502. Also see Annot., 44 A.L.R. 3d 1018 (1972).

In the instant case there was no evidence that any resistance or obstruction actually occurred. Officer Ginta had the duty, *inter alia*, to release the arrested juvenile into the custody of a parent, guardian or responsible adult and the evidence shows that he did so without any interference on the part of defendant. We find defendant's misrepresentation that he was Rose Gomez' stepbrother did not obstruct or delay the performance of the officer's duties, and defendant was not

proven guilty beyond a reasonable doubt. Since this resolution is determinative of the appeal, we need not reach the issue of whether defendant's conduct might be characterized as physical in nature.

Accordingly, the judgment of the circuit court is reversed.

Judgment reversed.

LORENZ and MEJDA, JJ., concur.