No. 2--95--0988

________________________________________________________________

                                     

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              SECOND DISTRICT                              

________________________________________________________________

THE PEOPLE OF THE STATE              )  Appeal from the Circuit Court

OF ILLINOIS,                         )  of Kane County.

                                     )

     Plaintiff-Appellee,             )  No. 93--CM--5844

v.                                   )

                                     )

WAYNE JOHNSON,                       )  Honorable

                                     )  Judith M. Brawka,

     Defendant-Appellant.            )  Judge, Presiding.

________________________________________________________________

     JUSTICE HUTCHINSON delivered the opinion of the court:

     A jury found defendant, Wayne Johnson, guilty of resisting or

obstructing a peace officer (720 ILCS 5/31--1(a) (West 1994)), and

the court ordered him to pay fines and costs equal to the amount of

the bond posted.  Defendant appeals pro se and raises two issues

for review:  (1) whether the trial court erred in limiting the

scope of defendant's examination of the police officers; and (2)

whether the court erred in modifying a jury instruction after the

jury retired to deliberate.

     Before we address these contentions, we need to address the

trial of this Class A misdemeanor by a jury of less then 12

persons.  This court recognizes that a defendant may waive the

right to have a 12-member jury and then may allow the trial to

proceed before a jury of a lesser number.  People v. Pierce, 369

Ill. 172 (1938).  The record and briefs initially submitted were

not clear concerning how a six-person jury was seated in this case. 

However, upon this court's request, the parties specifically

addressed this issue.  We acknowledge and accept defendant's

statement that he acted voluntarily and purposefully in requesting

only six jurors.  Therefore, we determine that defendant did waive

his right to a jury panel of less than 12 to hear and resolve this

case.

     We cannot review the first issue raised by defendant because

he has failed to provide a transcript of the trial.  The appellant

has the duty to supply a sufficient record for review, and any

doubts arising from the incompleteness of the record will be

resolved against the appellant.  People v. Kirkpatrick, 272 Ill.

App. 3d 67, 70 (1995).  Without a transcript or bystander's report,

we cannot determine whether the trial court limited the proposed

questions or why.  We must therefore assume the trial court ruled

appropriately.

     Defendant next contends that the trial court erred in

modifying the jury instruction.  The complaint alleged that

defendant resisted a peace officer in that he knowingly resisted

the performance of an authorized act by Charles Davis, that being

the "search during temporary questioning of [defendant], knowing

Charles Davis to be a peace officer engaged in the execution of his

official duties, in that [defendant] pushed and twisted requiring

hand cuff [sic] restraints in order to be searched."  The State

tendered an instruction based on Illinois Pattern Jury

Instructions, Criminal, No. 24--25.20 (3d ed. 1992) (IPI), that

provided, "A person is not authorized to use force to resist an

arrest which he knows is being made by a peace officer, even if he

believes that the arrest is unlawful and the arrest in fact is

unlawful."  Defendant did not object to this instruction, and it

was given to the jury.  During deliberations, the jury sent back a

note that asked, " 'May we substitute "authorized act" for the

"arrest" in the above phrase?' "  The State, although believing the

modification would make its case stronger, ultimately took no

position on the jurors' question.  Defendant objected because he

believed that it was lawful to resist an authorized act.  The court

overruled the objection, noting that an authorized act is not

necessarily a lawful act.  The court concluded that a correct

statement of the law is that a person is not authorized to use

force to resist an authorized act or an arrest which he knows is

being made by a peace officer.  Therefore, the court amended the

instruction to state "authorized act or arrest." 

     Defendant argues that an authorized act and an arrest are not

interchangeable concepts; as such, the court erred in modifying the

instruction.  Defendant was charged with "knowingly resist[ing] or

obstruct[ing] the performance by one known *** to be a peace

officer *** of any authorized act within his official capacity." 

720 ILCS 5/31--1(a) (West 1994).  In People v. Villarreal, 152 Ill.

2d 368 (1992), the supreme court considered section 31--1 of the

Criminal Code of 1961 (Code) (720 ILCS 5/1--1 et seq. (West 1994))

in conjunction with section 7--7 of the Code (720 ILCS 5/7--7 (West

1994)) that mirrors the language of the pattern instruction.  The

court determined that "the legislature intended to prevent

individuals from using force in obstructing police officers in

their performance of authorized acts."  Villarreal, 152 Ill. 2d at

374.  "Authorized" describes an act " 'endowed with authority.' " 

People v. Hetzel, 176 Ill. App. 3d 630, 633 (1988), quoting People

v. Shinn, 5 Ill. App. 3d 468, 472 (1972).  Here, the authorized act

is a Terry stop (see Terry v. Ohio, 392 U.S. 1, 20 L. Ed. 2d 889,

88 S. Ct. 1868 (1968)), as a peace officer is endowed with the

authority to stop a person in a public place for temporary

questioning (725 ILCS 5/107--14 (West 1994)).

     Most of the convictions under section 31--1 arise in the

context of an arrest, rather than a Terry stop.  See, e.g.,

Villarreal, 152 Ill. 2d at 370; People v. Lauer, 273 Ill. App. 3d

469, 470 (1995); People v. Peck, 260 Ill. App. 3d 812, 816 (1994). 

In those cases, giving a pattern instruction based on section 7--7

of the Code accurately and adequately states the law.  However,

here the pattern instruction failed to adequately state the law as

applied to resisting an authorized act other than an arrest.  Where

the IPI contain an applicable instruction, the court should give

the pattern instruction unless the court determines that it does

not accurately state the law.  134 Ill. 2d R. 451(a); People v.

Novak, 163 Ill. 2d 93, 116 (1994).  The decision to draft and give

a nonpattern instruction is entrusted to the trial court's

discretion.  People v. Bush, 157 Ill. 2d 248, 253 (1993). 

Accordingly, we conclude that if the court may draft an entirely

new instruction, the court may also modify an existing instruction

to bring it into conformity with the law.  We also conclude that

the court properly amended the instruction to include the term

"authorized act."  Therefore, we affirm defendant's conviction.

     The judgment of the circuit court is affirmed.

     Affirmed.

     GEIGER and RATHJE, JJ., concur.