COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Lemons and
          Senior Judge Duff
Argued at Alexandria, Virginia


KNUT FREDRIKSEN, S/K/A
 KNUT E. FREDRIKSEN
                                    MEMORANDUM OPINION* BY
v.   Record No. 0732-98-4            JUDGE CHARLES H. DUFF
                                        JUNE 22, 1999
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                    Benjamin N. A. Kendrick, Judge

            John M. Tran (Tobin, O'Connor & Ewing, on
            briefs), for appellant.

            Leah A. Darron, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


     Appellant contends that there was insufficient evidence

that he "impeded the police officer in the performance of her

duties."  Appellant further argues that the officer had no

authority to arrest him for refusing "to take the summons," that

his arrest was unlawful, that his refusal to take and sign the

summons "after identifying himself does not impede or obstruct a

police officer in the performance of her duties," and that he

had a right to resist the unlawful arrest.

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

"On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom."  Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  So viewed, the evidence proved that Ida Bawaugh, a Code Enforcement Officer for Arlington County, initiated a complaint against appellant for violating a county ordinance.  After considering Bawaugh's complaint, a magistrate issued a summons charging appellant with violating the ordinance.

On July 10, 1997, Officer Rosa Ortiz, while in uniform, visited appellant's home to serve the summons.  Appellant was standing in his driveway near his truck when Ortiz arrived.  Appellant acknowledged he was the person named on the summons.  After Ortiz "advised [him] she needed to serve the summons on him . . . [appellant] stated that he did not want it"[1] and ordered Ortiz off his property.  Ortiz repeated "that she had to serve the summons on him," and appellant repeated, "'I don't want it'" and he directed Ortiz "to leave it at the front door or give it to his lawyer."  Appellant "again ordered [Ortiz] to leave his property.  At that point, [appellant] picked up a shovel and two plastic bags and took a step towards Officer Ortiz."  Fearing for her safety, Ortiz grabbed appellant's

_____

[1]Quotations are from the statement of facts, there being no transcript of the evidence in the record.

-

"forearms to prevent him from potentially hitting her with a shovel." Ortiz told appellant "that he was making this into a big deal and that he does not want to assault a police officer." Ortiz "advised [appellant] to drop the shovel and informed him that he would be arrested if he did not accept the summons." Appellant told Ortiz he did not care and he instructed her to do what she had to do. "At that point," appellant "pushed forward with his arms" and Ortiz proceeded to handcuff him. Ortiz transported appellant to the police station where he was charged with obstruction of justice.

"At the conclusion of the case," appellant "moved for acquittal on grounds the officer did not have the right to require him to sign for the summons or do anything else in accepting the summons." He argued that he was wrongfully arrested and, therefore, "acting in reasonable self-defense by pulling away from the officer." Appellant also contended that Ortiz "could have" posted the summons on his door.

"A law-enforcement officer may execute within his jurisdiction a warrant, capias or summons issued anywhere in the Commonwealth. A warrant or capias shall be executed by the arrest of the accused, and <u>a summons shall be executed by delivering a copy to the accused personally</u>." Code § 19.2-76 (emphasis added). "The officer executing a summons shall endorse the date of execution thereon and make return thereof to the court to which the summons is returnable." <u>Id.</u>

-

Code § 15.2-1704(A) invests local police officers "with all the power and authority which formerly belonged to the office of constable at common law" and holds them responsible for, <u>inter alia</u>, "the preservation of peace and the enforcement of state and local laws, regulations, and ordinances."  Code § 15.2-1704(B)(iii) authorizes local police officers to, <u>inter alia</u>, "execute all warrants or summons as may be placed in his hands by any magistrate for the locality and to make due return thereof."

Code § 8.01-296 prescribes the manner of serving process upon natural persons "[i]n any action at law or in equity or any other civil proceeding . . . for which no particular mode of service is prescribed."  Under that code section, service must be effected "[b]y delivering a copy [of the process] in writing to the party in person."  <u>Id.</u>  The statute provides for substituted service "[i]f the party to be served <u>is not found at his usual place of abode</u>."  <u>Id.</u> (emphasis added).

Code § 18.2-460 provides, in pertinent part:

> A.  If any person without just cause knowingly obstructs a . . . law-enforcement officer in the performance of his duties as such or fails or refuses without just cause to cease such obstruction when requested to do so by such . . . law-enforcement officer, he shall be guilty of a Class 2 misdemeanor.
>
> B.  If any person, by threats or force, knowingly attempts to intimidate or impede a . . . law-enforcement officer, lawfully engaged in his duties as such, . . . he

-

shall be deemed to be guilty of a Class 1
misdemeanor.

Armed with a valid summons issued by a judicial officer,
Officer Ortiz proceeded to the address listed on the summons.
After finding appellant at that address, Ortiz was required by
statute to personally serve appellant with the summons. The
evidence proved that appellant refused personal service and
assumed an aggressive posture by brandishing a shovel and
pushing away from Ortiz while she tried to protect herself and,
at the same time, have him sign and accept the summons. The
trial court could reasonably find that, by brandishing the
shovel and approaching Ortiz in a threatening manner, appellant
attempted to "intimidate or impede" Ortiz, who was lawfully
engaged in her duties. Appellant's conduct obstructed Ortiz
from performing her duty in violation of Code § 18.2-460(B).
The Commonwealth's evidence was competent, was not inherently
incredible, and was sufficient to prove beyond a reasonable
doubt that appellant was guilty of the charged offense.
Appellant's contention that Ortiz should have posted the summons
is without merit because the Code requires personal service if
the recipient is present. Appellant was present; therefore,
Ortiz was required to personally serve him with the summons.

Despite appellant's contention that Ortiz was not
authorized to arrest appellant for refusing to take the summons,
appellant cited no case law, statute or rule prohibiting an

-

arrest for refusing service of process. Our review of authorities in Virginia likewise disclosed nothing addressing the issue. Therefore, we look to case law from other jurisdictions.

In Migliore v. County of Winnebago, 321 N.E.2d 476 (Ill. Ct. App. 1974), police officers tried to serve a subpoena on Migliore. Migliore refused to tell the officers if he was the person listed on the subpoena and ordered them to leave his property. Certain that the person was Migliore, one of the officers touched Migliore's "arm with the subpoena, laid it on the desk, and left the premises." Id. at 478. Later the officers returned to Migliore's home where they met their superior, a detective. The detective "explained that they were there to serve a civil subpoena" on the person named therein, and, "if he did not tell them who he was, they would arrest him for obstructing a police officer." Migliore again ordered the officers to leave the premises, and the police arrested him. The Illinois Court of Appeals explained:

> At the time the officers attempted to serve the subpoena, they were under a legal duty to do so. If they failed to obey the command of the subpoena they could be held in contempt of court and also held liable for damages to the aggrieved party.

Id. at 478-79 (noting also that, upon execution, the officer must complete the return).

-

In holding against Migliore, the court made the following statement:

> A citizen also has legal duties: not to knowingly resist or obstruct a police officer in the performance of any authorized act; and not to knowingly resist or obstruct the authorized service of any civil process. Courts do not favor those who seek to evade service of summons. Resistance or obstruction may be passive as well as active. A citizen may be found guilty of resisting or obstructing a police officer in the performance of his duty merely by stating that he will not move on when requested to do so by a police officer.

Id. at 479 (holding that Migliore was under duty to comply with officer's request) (citations omitted).

Nothing in the statement of facts indicates that, during the confrontation, Ortiz conveyed to appellant the nature of the summons or other details as to the upcoming legal action. Thus, upon locating him at his home, she was required to provide him with personal notice of the summons including the grounds for the summons and other details. Before Ortiz could convey to appellant the necessary information and successfully carry out her duty, appellant became aggressive, thereby precluding successful service and a peaceful outcome.

Moreover, despite a citizen's traditional common law right to resist an unlawful arrest by using reasonable force, see Foote v. Commonwealth, 11 Va. App. 61, 69, 396 S.E.2d 851, 856 (1990), we need not apply such an analysis because appellant was not arrested for refusing to accept the summons. Before Ortiz

-

initiated any such arrest, appellant brandished a shovel and approached Ortiz in a threatening manner causing her to fear for her safety. Therefore, appellant's attempt to intimidate Ortiz by his aggressive actions preempted Ortiz from carrying out her verbal threat to arrest appellant and impeded Ortiz, who was "lawfully engaged in [her] duties." Code § 18.2-460(B). Because of appellant's conduct preceding any threatened arrest by Ortiz and his aggressive conduct after the warning, his arrest was lawful; therefore, appellant had no right to resist that arrest. He grabbed a shovel, assumed a threatening stance, and approached Ortiz in a manner that the fact finder obviously found aggressive. Accordingly, appellant's conviction is affirmed.

Affirmed.
