Commonwealth *v.* Rhone, Appellant.

Submitted September 28, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ.

*George W. Rhone,* appellant, in propria persona.

*H. F. Bonno,* District Attorney, for appellee.

OPINION BY RENO, J., November 11, 1953:

Appellant was convicted in a summary proceeding before a justice of the peace upon a charge of having violated The Game Law of June 3, 1937, P. L. 1225, §1207, 34 P.S. §1311.1207. The information charged that he "wilfully and unlawfully did resist inspection. by officers whose duty it is to enforce the Game Laws of the Com. of Pa., in that he did then and there refuse to open the trunk of an automobile, said automobile operated by the defendant, upon demand by said officers." After hearing de novo appellant was found guilty of the offense charged; his motion for a new trial was dismissed; and he was sentenced to pay a fine of $100 and the costs of prosecution. This appeal followed.

On November 1, 1951 the district game protector of the Pennsylvania Game Commission had set up a series of road checks in the northern part of Northumberland County for the purpose of inspecting vehicles and their occupants to determine if there was any legally or illegally killed game in their possession. Appellant, who was driving an automobile accompanied by his wife, was requested to stop the car, to identify himself, and to submit to the usual and ordinary inspection. Appellant allowed his gun and hunting license to be examined, but refused to open the rear compartment of the automobile despite repeated requests of two deputy game protectors as well as the district game protector. Appellant claimed his wife was the owner of the vehicle and had the key to the rear compartment in her possession. She also refused to comply with the repeated requests of the officers to open the rear compartment and was told by her husband not to give the key to the district game protector. The refusal to open the rear compartment of the automobile or permit it to be opened resulted in the arrest of the appellant.

The Game Law, §1207, supra, provides that "any person who by force, menace, threat, or *in any manner* resists inspection or arrest for violation of any of the provisions of this act, . . . or interferes with any officer of the Commonwealth in the performance of his duty under the provisions of this act, shall, upon conviction, be sentenced to pay a fine of one hundred dollars and costs of prosecution, . . ." (Emphasis added.)

Appellant was fully aware that a road check was being made by duly authorized officers of the Pennsylvania Game Commission. The automobile he was operating was stopped by a deputy game protector who was in uniform; the officer who first spoke to him displayed his badge and other insignia of identification, and he was repeatedly advised the purpose of the inspection was to determine whether any legally or illegally killed game was in the vehicle or on the person of those who had been hunting.[1]

Appellant contends his refusal to comply with the request of the officers, unaccompanied by force, menace or threats of violence, does not constitute resistance to inspection within the meaning of §1207 of The Game Law. That section makes it unlawful to resist inspection "in any manner". There is no requirement that force or violence be used in order to constitute resistance within the purview of this section of The Game Law. The words "by force, menace, threat," describe specific methods of resistance which are prohibited,

_____
[1] The Game Law of June 3, 1937, P. L. 1225, §214, 34 P.S. §1311.214(h) empowers legally qualified representatives of The Pennsylvania Game Commission "To stop and inspect or search at any time, without warrant, any vehicle or conveyance, and its occupants or contents, any time or place within this Commonwealth: Provided, however, Such officer shall be in uniform and display his badge or other insignia of identification and shall state to the person in charge of said vehicle or conveyance the purpose of the inspection or search;"

but that such methods are not exclusive, nor the scope of prescribed resistance so limited is fully established by the very plain meaning of the phrase "or in any manner" immediately following in the wording of the section. The wilful and repeated refusal of the appellant to open the rear compartment of the automobile and his refusal to allow his wife to surrender the key to the compartment to the district game protector and his deputies constitutes resistance to inspection within the meaning of §1207 of The Game Law. The testimony of the game protectors, the appellant, and his wife fully discloses the adamant refusal of appellant to submit to the usual routine inspection made by the officers of the Pennsylvania Game Commission and wholly supports the conviction of the appellant of violation of The Game Law.

Appellant's contention that the information was faulty in failing to state the date of the commission of the offense is completely unfounded. The record clearly reveals the information specified November 1, 1951 as the date appellant unlawfully resisted inspection. Nor is there any merit to the contention that the information did not sufficiently charge a violation in that it failed to specify the particular section of The Game Law violated by appellant. In *Com. v. Beloff,* 166 Pa. Superior Ct. 286, 70 A. 2d 689, in which the defendant was charged with a violation of The Game Law, one of the questions raised was that the information in the summary conviction did not sufficiently charge a violation of the Act. In disposing of this contention, this Court said this question might have been raised in the Court of Common Pleas on certiorari, which would have brought up every part of the record, including the complaint, but since the defendant elected to proceed by appeal he thereby waived all mere technical errors in the proceeding before the

justice which did not go to the question of jurisdiction.

Judgment and sentence affirmed.