Burke, J.
State Trooper Kellogg was on routine patrol on Routes 9 and 20 in the Townships of Schodack and East Green-bush in the early morning hours of April 30, 1968. At about 3 o’clock in the morning he observed a man walking along the highway but. he paid little attention to him, other than noting that the hour was late, and thought that it was someone returning home since it was a residential area. About a half-hour later, while still on the same highway, Trooper Kellogg observed the same man walking along the highway in the vicinity of the East Greenbush Shopping Center. His suspicions were aroused as to the man’s intent and purpose since this particular area had been the subject of frequent burglaries. The trooper stopped his vehicle and asked the man to come over to the car and tell him where he was going, where he was coming from and his identity and where he resided. The man replied that he did not think he had to answer the questions. The trooper informed the man that his refusal to answer the questions could result in *291 Ms being arrested for loitering but the man still refused to answer the questions. The trooper arrested the man and a search of his person revealed that his name was that of the defendant, Donald Schanberger.
Trooper Kellogg filed an information charging the defendant with violation of section 240.35 (subd. 6) of the Penal Law in that he ‘ ‘ did remain & wander about in a public place without apparent reason under circumstances wMch justify suspicion & upon inquiry of a peace officer to wit : Tpr Kellogg refused to identify Mmself and failed to give a reasonable credible account of his conduct or purpose.” Upon the trial of the charge, the trooper testified to the facts as recited above and defendant was convicted and fined $10.
On this pro se appeal, defendant challenges the constitutionality of the statute under which he was convicted. We find it unnecessary to deal with the constitutional argument. The subdivision of the statute under which he was convicted contains clauses which are conjunctive, rather than disjunctive, and, in order to sustain a conviction under it, each of the conjunctive elements must be proved beyond a reasonable doubt. The information under which he was tried substantially restated the terms of the section with the crucial exception of that part of the section which states that the loitering, remaining or wandering must be under circumstances which ‘ ‘ justify suspicion +hat he may be engaged or about to engage in crime (Italics supplied.) The information in this case nowhere states that the circumstances were such that the trooper was justified in suspecting that the defendant might be engaged or was about to engage in crime. Furthermore, the trooper’s testimony indicated nothing more than that he observed the defendant walking along a public Mghway in an area in which there had been “ frequent burglaries ”. Such testimony ig clearly insufficient to.establish any basis for a reasonable suspicion that the defendant might be engaged or was about to engage in crime. In fact, it appears clear from the trial minutes that the defendant was convicted for his failure to answer the trooper’s questions concerning his destination and identity. While it may be true that there was no reason why the defendant should not have answered the trooper’s questions, it equally is true that his failure to answer *292 cannot constitute a criminal act and, particularly, a violation of subdivision 6 of section 240.35. Accordingly, the judgment should be reversed and the information dismissed.
Chief Judge Fuld and Judges Soileppi, Bergan, Keating, Breitel and Jasen concur.
Judgment reversed, etc.