108 N.J. Super. 244 (1970)
260 A.2d 862
TOWNSHIP OF EAST BRUNSWICK, PLAINTIFF-RESPONDENT,
v.
ANGELO MALFITANO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 22, 1969.
Decided January 16, 1970.
*245 Before Judges KILKENNY, LABRECQUE and LEONARD.
*246 Mr. Robert S. Miller argued the cause for appellant.
Mr. Martin E. Kravarik argued the cause for respondent (Messrs. Selesky & Kravarik, attorneys).
The opinion of the court was delivered by LABRECQUE, J.A.D.
Defendant appeals from his conviction for interfering with a police officer in the performance of his duty, in violation of a local ordinance.
The matter was submitted to the court on an agreed statement of facts which may be summarized as follows:
On February 28, 1969 a Mr. Hynes phoned the police complaining that a lumber truck had just driven onto his driveway and across a corner of his property to deposit a load of lumber at a nearby construction site. Defendant, who was a supervisor of a company which was constructing homes in the area, had directed the truck driver to do so. Upon the arrival of a policeman he approached defendant, advised him that Hynes intended to swear out a complaint against him for trespassing, and requested his name and address. When defendant refused to give either he was arrested for violation of a borough ordinance which forbade interference with a police officer in the performance of his duty. He was subsequently convicted of trespassing, in violation of N.J.S.A. 2A:170-31, and of violating the ordinance. There was no appeal from the trespass conviction.
In the context of the stipulated facts we hold that the judgment of conviction was well-founded.
The ordinance provided that "No person shall resist, obstruct or interfere with any township officer * * * in the performance of his duty, nor shall any person disobey the lawful orders or instructions of any such officer * * *." Defendant urges that, properly construed, the ordinance forbade only actual physical interference with the police. We disagree. The interference which the ordinance prohibited encompassed actions calculated in any appreciable degree to hamper or impede the police in the performance of their *247 duty as they saw it. State v. Taylor, 38 N.J. Super. 6, 29-30 (App. Div. 1955). Actual physical interference with the police officer was not a prerequisite to conviction. Id. at p. 29. Cf. Commonwealth v. Rhone, 174 Pa. Super. 166, 100 A.2d 147, 148-149 (Super. Ct. 1953); State v. Johnson 134 W. Va. 357, 59 S.E.2d 485, 487 (Sup. Ct 1950).
People v. Schanbarger, 24 N.Y.2d 288, 300 N.Y.S.2d 100, 248 N.E.2d 16 (Ct. App. 1969) on which defendant principally relies, is factually distinguishable in that there defendant was accosted while walking on a public highway in a situation which the court held afforded no grounds for a reasonable suspicion that he was engaged or about to engage in a crime. Here the officer was answering a police call involving a complaint by a citizen against defendant for trespassing. The officer considered, and properly so, that his duty required him to obtain defendant's name and address for the purpose of preparing the necessary complaint and summons. In declining to comply with this reasonable request defendant interfered with the officer in the performance of his duty.
Defendant's arrest did not infringe upon the right "to be let alone," Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965), which he invokes. Nor do we find any violation of due process.
Affirmed.