**STATE of Utah, In the Interest of Virginia Joanie GOODMAN,**

**Virginia Joanie Goodman, Appellant.**

**No. 13822.**

Supreme Court of Utah.

Feb. 4, 1975.

Eric P. Swenson, Mexican Hat, for appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for respondent.

TUCKETT, Justice:

A petition was filed in the interest of Virginia Joanie Goodman in the Juvenile Court of San Juan County alleging that she was delinquent in that she used an alcoholic beverage in violation of Section 32–7–15, U.C.A.1953, and that she did intentionally interfere with Kenneth Vee Palmer, deputy sheriff of San Juan County, who was effecting an arrest of Linda Lehi by interrupting said officer and by using foul language.

On November 29, 1973, Officer Palmer was proceeding along a highway north of Bluff, Utah, when he noticed one Linda Lehi operating her vehicle. The officer knew that Linda Lehi did not have a driver's license and proceeded to stop her. The officer had Mrs. Lehi get into his patrol car so that he could write a citation. While the officer was engaged in writing the citation, Mrs. Goodman came up to the patrol car and requested Officer Palmer to drive her to Bluff. The officer told Joanie to go away and leave him alone, whereupon she called him vulgar names before leaving the vicinity of the patrol vehicle. At the time the officer was engaged in writing a citation for operating a vehicle without a driver's license and for driving while under the influence of liquor. Joanie left the patrol vehicle but later returned to the officer's vehicle where she requested a ride to Bluff, and cursed the officer when he refused to comply. At no time did Joanie use any force, nor did she make any threats to use force upon the officer. At the trial the officer testified that Joanie was intoxicated.

Section 32–7–15, U.C.A.1953, is one of the statutes alleged to have been violated by Joanie. That statute is in the following language:

(1) No person shall sell or supply alcoholic beverages to any person under the age of 21 years.

(2) This section does not apply to the supplying of liquor to a person under the age of 21 years for medicinal purposes by the parent or guardian or to the administering of liquor by a physician in accordance with the provisions of this act.

Evidence of intoxication does not show nor intend to show a violation of the statute above set forth. It is quite evident from a reading of the statute that it deals with an entirely different subject matter. The court nevertheless found Joanie guilty of violating that provision. The court was in error in that finding.

The petition also charges Joanie with violating Section 76–8–305, which is as follows:

A person is guilty of a class B misdemeanor when he intentionally interferes with a person recognized to be a law enforcement official seeking to effect an arrest or detention of himself or another regardless of whether there is a legal basis for the arrest.

Even though Joanie interrupted the officer in his preparation of a citation by entering into a conversation with him and by calling him inappropriate names, this is insufficient to show that Joanie intentionally interfered with the officer. The record does not clearly show that the officer was engaged in making an arrest at the time, and we are of the opinion that the legislature did not intend to make a simple interruption or distraction of an officer in performing his duties a criminal offense.

The judgment of the court below is reversed.

HENRIOD, C. J., and MAUGHAN, J., concur.

CROCKETT, Justice (dissenting):

The subject is a minor 17 years of age. The evidence is that she was in an intoxicated condition upon a public highway; and that she used vile language to the peace officer. The trial court expressly stated in his findings that at the time and place she "did use an alcoholic beverage."

Under Section 55–10–77, U.C.A.1953, the juvenile court has jurisdiction over any proceeding concerning any child who has violated any federal, state, or local law. Being in an intoxicated condition in a public place is a violation of Section 32–7–13, U.C.A.1953.

After an investigation of her home life and general circumstances, the probation officer in his report to the juvenile court indicated that, in view of her general environment, it appeared likely she would develop a drinking problem. In the conclusions to his report the probation officer noted:

She was in detention five days after the offense. I do not feel that more punishment is important for the offense. However, I recommend that she be required to attend the alcohol class taught by James Shearer.

After reviewing the whole situation, including the probation officer's report, the court's sole order was that she attend the alcohol education course of the Utah State Division of Family Services at Blanding, Utah. It is my opinion that the juvenile judge dealt with this situation fairly and wisely in the best interest of the girl and of society in general; and that we would do likewise in affirming this conviction because it is within the rules of law and the prerogatives of the juvenile court. I would therefore affirm and remand for the purpose of having the subject carry out the assigned program of attending the alcohol education course.

ELLETT, J., concurs in the views expressed in the dissenting opinion of CROCKETT, J.