During the course of an investigation of a robbery at a Hartford bank, several police officers, who were pursuing their duties on the street outside the bank, observed an individual in the crowd for whom they had a pending arrest warrant. They proceeded to arrest that individual and place him in their cruiser. Subsequent to that arrest, a disturbance broke out near the cruiser and the crowd, which had gathered as a result of the bank robbery, was attracted by the disturbance.
At that point, the defendant, who was on duty as a United States postman, approached the officers near the cruiser who were attempting to subdue and arrest a second individual. The defendant was on the scene trying to gather information for a story about the bank robbery for a radio station where he worked part-time. The testimony about the defendant's statements and actions at that time varies. The state's witnesses testified that the defendant came to the front of the crowd yelling obscenities and anti-police epithets, but that was denied by the defendant. There was testimony on *Page 517 
both sides that the defendant moved toward the officers who were effecting the second arrest and that another officer in plain clothes intervened. Everyone agreed that the crowd was loud and hostile. The state's witnesses claimed that the crowd became more agitated because of the defendant's actions. The decision to arrest the defendant for interfering with the police was made by two superior officers at the scene; however, because of the condition of the crowd and the potential for an explosive situation, the actual arrest took place at a later date and different location.
After hearing a substantial amount of testimony from police officers who were present at the scene, the defendant, and other witnesses, the jury returned a verdict of guilty. Judgment was rendered and the defendant has appealed, claiming that the trial court erred in failing to grant his motion for a directed verdict and by instructing the jury on the basis of facts not in evidence.
As to the defendant's first claim of error, that the trial court failed to direct a verdict in his favor, we have reviewed the transcript of the evidence to determine whether there was sufficient evidence for the jury reasonably to find the defendant guilty of the crime of interfering with a police officer in violation of General Statutes53a-167a. Section 53a-167a (a) provides that "[a] person is guilty of interfering with an officer when he obstructs, resists, hinders, endangers or interferes with any peace officer or fireman in the performance of his duties."
Section 53a-167a was enacted in 1971 and has not been authoritatively construed; therefore, we turn to judicial interpretations of its predecessor, General Statutes 53-165, which was substantially similar. A person violated 53-165 if he ". . . [obstructed, resisted, or abused] any officer *Page 518 
concerned in the administration of justice while in the execution of his office. . . ." That language was interpreted to mean that "the legislature intended to prevent something less than the use of force. . . . As used in this statute, the word `abuses' means to wrong in speech, reproach coarsely, disparage, revile or malign an officer who is performing his duty. . . . [T]he purpose of the statute . . . was to allow an officer to execute his office and his appointed duties without hindrance or obstacles and to allow the actions of the police to proceed calmly, efficiently and without difficulty." State v. Neubauer, 2 Conn. Cir. Ct. 169, 173. See State v. Beck, 5 Conn. Cir. Ct. 587; State v. Harris, 4 Conn. Cir. Ct. 534; State v. Voelkel, 2 Conn. Cir. Ct. 459, 468.
Although the legislature deleted the word "abuses" from 53a-167a, it added "hinders, endangers or interferes." Those words, particularly "interfere," have a broad scope. By using those words it is apparent that the legislature intended to prohibit any act which would amount to meddling in or hampering the activities of the police in the performance of their duties.
The defendant argues that his statements and actions, although abusive and remonstrative, did not make the job of the police impossible or even more difficult. The act, however, does not have to "be wholly or partially successful . . . [nor must it] be such as to defeat or delay the performance of a duty in which the officer is then engaged. The purpose of the statute, which had its origin in the common law, is to enforce orderly behavior in the important mission of preserving the peace; and any act that is intended to thwart that purpose is violative of the statute." State v. Harris, supra, 540. There was sufficient evidence to support the jury's conclusion that the defendant was guilty of violating 53a-167a. *Page 519 
The defendant's second claim of error is that the trial court instructed the jury on the basis of facts not in evidence. He specifically objects to two passages in the trial court's charge, but, because the defendant did not except to those instructions "immediately after the charge [was] delivered" we cannot consider his objections on appeal. Practice Book 249[1] and 652[2]
(see Practice Book 587). "The requirement that either a request to charge be made or an exception be taken if a portion of a charge is to be assigned as error merely implements the fundamental rule that we do not attempt to review on appeal a question which was never raised in or passed on by the trial court. Our practice `does not permit a defendant in a criminal case to fail, whether from a mistake of law, inattention or design, to object to matters occurring during a trial until it is too late for them to be corrected or even considered and then, if the outcome proves unsatisfactory, to raise them for the first time on an appeal.' State v. Taylor, 153 Conn. 72, 86, 214 A.2d 362, cert. denied, 384 U.S. 921. . . ." State v. Van Valkenburg, 160 Conn. 171, 174. See Prystash v. Best Medium Publishing Co., 157 Conn. 507,511-12. There is nothing in the record that brings this case within the exceptional circumstances specified in State v. Evans, 165 Conn. 61. See State v. *Page 520 
Morgan, 170 Conn. 110, 112. Furthermore, the defendant has the burden of showing that the claimed errors in the charge were probably harmful to him; and, since the trial court carefully cautioned the jury not to consider any facts not based on the evidence presented, if there were error, it was harmless. State v. Vennard,159 Conn. 385, 393-94, cert. denied, 400 U.S. 1011.
 There is no error.
In this opinion D. SHEA and SPONZO, Js., concurred.