**STATE of Minnesota, Appellant,**

v.

**Eileen Jean KRAWSKY, Respondent.**

**No. CX–87–1793.**

Court of Appeals of Minnesota.

Jan. 5, 1988.

Review Granted Feb. 24, 1988.

**688**

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert J. Alfton, Minneapolis City Attorney, Steven A. Silverman, Asst. City Attorney, Minneapolis, for appellant.

William R. Kennedy, Hennepin County Public Defender, Warren R. Sagstuen, John C. Mahoney, Asst. Public Defenders, Minneapolis, for respondent.

Robert A. Stanich, Sp. Asst. Atty. Gen., St. Paul, for amicus Minnesota Co. Attys. Ass'n.

Edward N. Mansur, Mansur, O'Leary & Gabriel, St. Paul, for amicus Minnesota Police and Peace Officers Ass'n.

Considered and decided by RANDALL, P.J., HUSPENI and STONE,* JJ.

## OPINION

RANDALL, Judge.

This is an appeal by the State from an order dismissing a misdemeanor prosecution for obstructing legal process, Minn. Stat. § 609.50(2) (1986). The trial court concluded the statute is unconstitutionally vague and overbroad, significantly impinging on first amendment rights to freedom of speech. Two amici curiae, Minnesota County Attorneys Association and Minnesota Police and Peace Officers Association (MPPOA) have been granted leave to file amicus briefs. We affirm.

## FACTS

Respondent Eileen Krawsky was tab charged with a misdemeanor violation of Minn.Stat. § 609.50(2), which prohibits obstruction of legal process without force or violence. No complaint has been filed, and there is no stipulation as to the facts. Respondent moved to strike the appendices of the state's brief and the brief of one amicus because the appendices contain a police report giving the state's version of the

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

incident. The police report was not introduced into evidence. The parties did not stipulate to it and the trial court did not refer to it in the order dismissing the prosecution. We grant the motion to strike.

Basing its decision on *City of Houston v. Hill*, —— U.S. ——, 107 S.Ct. 2502, 96 L.Ed. 2d 398 (1987), the trial court found Minn. Stat. § 609.50[1] to be facially overbroad. The trial court did not address the alleged facts concerning respondent's conduct, noting that, when a statute or ordinance is found to be invalid on its face, no prosecution may lie thereunder irrespective of the conduct of a particular defendant.

## ISSUE

Is Minn.Stat. § 609.50 unconstitutionally vague or overbroad?

## ANALYSIS

The trial court found Minn.Stat. § 609.50 so similar to the ordinance struck down in *Houston* that it "must also be found to be unconstitutionally overbroad on its face." The court also implied the ordinance was unconstitutionally vague, finding it gave police "unconstitutional discretion in enforcement."[2]

The *Houston* ordinance provided:

It shall be unlawful for any person to assault, strike or *in any manner* oppose, molest, abuse or *interrupt* any policeman in the execution of his duty, or any person summoned to aid in making an arrest.

*See Houston*, —— U.S. at ——, 107 S.Ct. at 2506 (emphasis added). The Supreme Court held this language rendered the statute facially invalid because it reached a substantial amount of constitutionally protected conduct. *Houston*, —— U.S. at ——, 107 S.Ct. at 2512. *See also Hoffman Estates v. The Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982) (in overbreadth and vagueness issues, court must determine whether enactment reaches substantial amount of constitutionally protected conduct).

Minn.Stat. § 609.50 (1986) provides: Whoever intentionally obstructs, hinders or prevents the lawful execution of any legal process, civil or criminal, or apprehension of another on a charge or conviction of a criminal offense *or interferes with a peace officer while the officer is engaged in the performance of official duties * * ** [is guilty of a misdemeanor].[3]

The trial court found the last phrase, "interferes with a peace officer," to be sufficiently similar to the Houston ordinance to be unconstitutional under *Houston*. We agree.

The term "interferes" does not carry significantly less connotation of verbal conduct than did the term "interrupt" in *Houston*. Generally, the term "interfere" means to intervene or to meddle. Webster's New World Dictionary, 734 (2d College ed. 19——). Even assuming, arguendo, that the term "interrupt," particularly as modified by the phrase "in any manner" as it was in the Houston ordinance, is easier to apply to speech than the Minnesota term "interferes," we find no difference significant enough to override the concerns of the first amendment.[4]

---

1. Minn.Stat. § 609.50 is the statute in issue. Subdivision (1) defines what acts can make it a gross misdemeanor, and Subdivision (2) sets out the penalties if it is charged out as a misdemeanor. The difference between gross misdemeanor (by force or violence or the threat thereof) and misdemeanor (in other cases) is not an issue.

2. Appellant and amici discuss the vagueness issue. In first amendment cases the vagueness and overbreadth doctrines tend to overlap. *Welfare of S.L.J.*, 263 N.W.2d 412, 417 (Minn. 1978). Statutes are often overly broad because they are vague. *Id.* We discuss the constitutional challenge to the statute primarily in terms of the overbreadth analysis.

3. That part of Minn.Stat. 609.50 containing the words "whoever intentionally" through "conviction of a criminal offense" is referred to as the first phrase. The rest of the statute, beginning with the words "or interferes" is referred to as the second phrase.

4. A state's impingement on verbal conduct protected by the first amendment is the core of the constitutional issue addressed in *Houston*.

The challenged Minnesota term "interferes" is not substantially different from "interrupts," and has been held applicable to speech. *See State v. Brown*, 33 Conn. Supp. 515, 356 A.2d 913 (Conn.Super.Ct. 1976) (evidence defendant was "moving toward" officer and using abusive language sufficient to sustain conviction for "interfer[ing]" with officer); *Township of East Brunswick v. Malfitano*, 108 N.J.Super. 244, 260 A.2d 862 (N.J.Super.Ct.App.D.W. 1970) (defendant who refused to give name and address "interfered" with police officer; physical conduct was no prerequisite for conviction). *Cf. State, In Interest of Goodman*, 531 P.2d 478 (Utah 1975) (juvenile who interrupted an officer "by entering into a conversation with him and by calling him inappropriate names" did not "intentionally interfere").

A police officer's duties involve verbal as well as physical conduct; therefore, interference with those duties can be verbal. *Cf.* Minn.Stat. § 609.502 (1986) (person who "interferes with body or scene of death" generally would be doing so physically).

Mere verbal remonstrances or disagreements with an officer, standing alone, would not generally be considered an obstruction or a hindrance to the performance of his duty to the point of rendering the speaker guilty of criminal conduct. *Moccia v. State*, 174 Ga.App. 764, 331 S.E.2d 99 (Ga.Ct.App.1985) (defendant who made no threat of violence or physical advance on officer did not obstruct officer); *see also English v. State*, 293 So.2d 105 (Fla.Dist. Ct.App.1974) (business owner who stood in front of officers in his own place of business and asked them to conduct investigation outside did not resist or obstruct officers).

■ In order to be held facially invalid, a statute must "make unlawful a substantial amount of constitutionally protected conduct." *Houston,* — U.S. at —, 107 S.Ct. at 2508 (citing *Hoffman*, 455 U.S. at 494, 102 S.Ct. at 1191). In *Houston*, the supreme court stated:

[T]he First Amendment protects a significant amount of verbal criticism and challenge directed at police officers.

\*   \*   \*   \*   \*   \*

The freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state.
*Id.* at —, —, 107 S.Ct. at 2509, 2510. Although the connotations of the Minnesota language may be "slightly" different than in *Houston*, our statutory language prohibiting "interfer[ence]" with police officers reaches a substantial amount of "verbal criticism and challenge directed at police officers." *Id.* at —, 107 S.Ct. at 2509.

The state and amicus County Attorneys Association argue that the statutory intent requirement saves Minn.Stat. § 609.50 from overbreadth. This suggestion, raised in the concurring and dissenting opinion in *Houston*,[5] is not persuasive in light of the majority holding that the first amendment protects "verbal criticism or challenge directed at police officers." *Id.* 107 S.Ct. at 2509. Thus, even if a person intends to interrupt, or, as here, "interfere" with a police officer, the conduct, if verbal, is generally constitutionally protected. *Cf. City of Englewood v. Hammes*, 671 P.2d 947 (Colo.1983) (*prior* to *Houston*, held that limiting construction of statute to require intent saved "interfering" statute from overbreadth).

Amicus MPPOA's argument also seems directed more at the majority opinion in *Houston* than the trial court's application of it. Amicus argues Minn.Stat. § 609.50 is limited to "intrusive" conduct and therefore is not overly broad. However, verbal "challenges" and opposition to police actions, which *Houston* holds are protected speech, are certainly as "intrusive," as is "meddling" or "interfering."

We recognize the supreme court's conclusion in *Houston* was aided by a history of

---

**5.** *Houston,* — U.S., at —, 107 S.Ct. at 2516 (Powell, J., concurring in part and dissenting in part).

the enforcement of the ordinance and by pre-emption of the ordinance's application to physical conduct and "fighting words." However, although there is no pre-emption here, the first phrase in Minn.Stat. § 609.50 largely limits the reach of "interfer[ing] with a peace officer" to verbal conduct and conduct directed at a peace officer who is not making an arrest. *See State v. Diedrich*, 410 N.W.2d 20, 23 (Minn. Ct.App.1987) (defendant pushed officer who was trying to restrain person already arrested). The latter use for the "interferes" language does not save it from overbreadth since it still reaches a substantial amount of constitutionally protected speech. *See Houston*, — U.S. at —, 107 S.Ct. at 2508.

The state contends limiting construction can save Minn.Stat. § 609.50 from overbreadth, but does not · suggest how it should be more narrowly construed. We find that the Minnesota statute cannot be limited to "fighting words" to save it because the statute is intended to cover nonverbal conduct, as well as speech, and because it applies only to speech directed at police officers. *Cf. Welfare of S.L.J.*, 263 N.W.2d at 418–19 (disorderly conduct statutory language punishing just words unconstitutional except when limited to "fighting words"). "Fighting words" may have no effect on the officer's performance of his duty. *See Houston*, — U.S. at —, 107 S.Ct. at 2510 (noting police officer's training in restraint). However, other words, such as encouraging an arrestee to resist, may have great effect, so "fighting words" is not the answer.

■ Amicus County Attorneys Association contends the statute should not be declared unconstitutional in total if it is possible to sever any separable provisions which are constitutional. In general, a court should refrain from invalidating all of a statute for overbreadth if the constitutional provision is severable from the unconstitutional portion. *Regan v. Time, Inc.*, 468 U.S. 641, 652–53, 104 S.Ct. 3262, 3268–69, 82 L.Ed.2d 487 (1984); *see also New York v. Ferber*, 458 U.S. 747, 769, n. 24, 102 S.Ct. 3348, 3361, n. 24, 73 L.Ed.2d

1113 (1982) (only unconstitutional portion of statute should be stricken, if the statute is severable). However, in order to apply the severability doctrine, the constitutional portion of the statute must be fully operative as law in the absence of the unconstitutional portion. *See Regan* 468 U.S. at 653, 104 S.Ct. at 3269.

■ On this record we cannot determine whether respondent could be charged with "obstruction" (first phrase). Thus, we cannot determine whether the first phrase of Minn.Stat. § 609.50 was controlling in the officer's decision to charge respondent. What record we have supports the trial court's apparent conclusion that the challenged second phrase, "interferes," was an integral part of, and formed the basis for the charge. Thus, since not separated, the entire statute must rise or fall on *Houston*.

We construe the failure to sever Minn. Stat. § 609.50 against the state. The state concedes the police report was not part of the record at the hearing, was not marked and offered as an exhibit by the state, and was not stipulated to by the parties for purposes of the trial court hearing. At oral argument, respondent declined to stipulate to the accuracy of the police report and asserts there is a dispute as to the facts. The state contends the trial court referred to the police report during its post-hearing deliberations. The record does not show the report was ever filed or considered, and we cannot make that assumption. Had a written, sworn complaint been made part of the trial court record, we then might well have been able to address the issue of severability and determine whether only the constitutional portion of the statute was being relied upon for prosecution. But it was not, and the trial court did not address severability as a separate issue, and we do not.

The statute was challenged as facially invalid, not as being unconstitutional as applied to the facts of this case. Accordingly, pursuant to *Houston*, we affirm the trial court's holding that the statute is unconstitutionally overbroad insofar as it prohibits "interfer[ence] with a peace officer * * *."

## DECISION

The second phrase of Minn.Stat. § 609.50, prohibiting "interfer[ence] with a peace officer * * *," is unconstitutionally overbroad.

Affirmed.