**Elijah WHITE, Plaintiff**

v.

**Keith WORTZ, et al., Defendants**

**No. 3:96CV2067(WWE).**

United States District Court,
D. Connecticut.

Aug. 31, 1999.

John R. Williams, Williams, Polan & Pattis, New Haven, CT, for Plaintiff.

Thomas W. Ude, Jr, Martin S. Echter, Deputy Corp., Office of Corp. Counsel, for Defendants.

## RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

EGINTON, Senior District Judge.

### INTRODUCTION

This is a complaint brought in two counts. The first alleges that the police officers involved filed reports in which they falsely and maliciously accused plaintiff of assaulting, abusing and resisting them while being held a prisoner inside the headquarters of the New Haven Police Department. These allegations resulted in plaintiff being arrested on two counts of interference with a police officer. The second count, brought pursuant to 42 U.S.C. Section 1983, alleges that plaintiff's constitutional rights were violated when he was falsely arrested on the two counts of interference with a police officer without a warrant and without probable cause.

Defendants have moved for summary judgment on both counts.

### STATEMENT OF FACTS

The Court sets forth only those facts deemed necessary to an understanding of the issues raised in, and decision rendered on, this Motion.

On December 24, 1992, the plaintiff was at the Police Station at 1 Union Avenue in New Haven as a result of having been

arrested for Driving While Under the Influence. In his statement of disputed facts, plaintiff asserts that he was so intoxicated that he had passed out in his parked car. Plaintiff does not claim that he was arrested without probable cause for driving while intoxicated.

During his deposition White admitted that he was told by a police officer that it was necessary for plaintiff to take a breathalyzer test. Plaintiff further testified that instead of taking the test, he knocked the breathalyzer out of the hand of the officer attempting to administer the test.

Subsequently, police officers told plaintiff that it was necessary to handcuff him to bring him to another part of the police station. When the officers attempted to place the handcuffs upon White's wrist, White struggled in a effort to prevent the officers from placing the handcuffs on him. Plaintiff does not allege a claim of excessive force.

Based on the incident with the breathalyzer and the altercation with regard to the handcuffs, plaintiff was also charged with two counts of interfering with a police officer. Plaintiff claims that these charges were filed without probable cause and without a warrant.

Plaintiff testified at his deposition that he entered into a plea agreement with the State in which he would be given accelerated rehabilitation on the driving while intoxicated claim and that the other two claims would be nolled, or not pursued.

### LEGAL ANALYSIS

#### I. The Standard of Review

In a motion for summary judgment the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). *See also Anderson v. Liberty Lobby,* 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)(plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment).

If the nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof at trial, then summary judgment is appropriate. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322–23, 106 S.Ct. 2548. *Accord, Goenaga v. March of Dimes Birth Defects Foundation,* 51 F.3d 14, 18 (2d. Cir.1995)(movant's burden satisfied by showing if it can point to an absence of evidence to support an essential element of nonmoving party's claim).

The court is mandated to "resolve all ambiguities and draw all inferences in favor of the nonmoving party...." *Aldrich v. Randolph Cent. Sch. Dist.,* 963 F.2d 520, 523 (2d Cir.), *cert. denied,* 506 U.S. 965, 113 S.Ct. 440, 121 L.Ed.2d 359 (1992). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci,* 923 F.2d 979, 982 (2d Cir.), *cert. denied,* 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991). If the nonmoving party submits evidence which is "merely colorable", or is not "significantly probative," summary judgment may be granted. *Anderson,* 477 U.S. at 249–50, 106 S.Ct. 2505.

"[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or un-

necessary will not be counted." *Id.* at 247–48, 106 S.Ct. 2505 (emphasis in original).

## II. *The Standard As Applied*

 Under Connecticut law, a person is guilty of interfering with a police officer "when he obstructs, resists, hinders or endangers any peace officer or fireman in the performance of his duties." Conn.Gen. Stat. § 53a–167a(a). That law prohibits any action—whether verbal or physical— that is intended to meddle in or hamper the activities of the police in the performance of their duties. *State v. Williams,* 205 Conn. 456, 471, 534 A.2d 230 (1987). The purpose of the law is to enforce orderly behavior in the important mission of preserving the peace. *State v. Beckenbach,* 1 Conn.App. 669, 679, 476 A.2d 591 (1984), *rev'd on other grounds,* 198 Conn. 43, 501 A.2d 752 (1985); *State v. Brown,* 33 Conn.Supp. 515, 518, 356 A.2d 913 (1976).

 Enforcing orderly behavior while preserving the peace is so critical that Connecticut courts have held that it is not a prerequisite to the crime of interfering with an officer that the arrest be legal. *State v. Privitera,* 1 Conn.App. 709, 719, 476 A.2d 605 (1984). In this litigation, the arrest of plaintiff on two charges of interfering with a police officer was fully supported by the circumstances of the arrest. First, the plaintiff knocked the breathalyzer out of the officer's hand and, second, he resisted the officers and struggled with them while they were in line of duty in handcuffing him. No warrant was required for either crime and there existed convincing probable cause for the two charges of interfering with a police officer.

Further, in his deposition, plaintiff admitted each offense. Thus, his claim that the officers filed false reports regarding his interference in both lawful actions cannot, as a matter of law, be false or malicious. Summary judgment will enter on the First Count of the complaint.

Plaintiff's claim under Section 1983 is grounded on the identical factual allegations of the first claim, *i.e.,* that the arrest for interfering with a police officer was false, was made without probable cause and without a warrant. The claims are without substance.

 Under Connecticut law, and under 42 U.S.C. Section 1983, to establish a claim of false arrest the prosecution must have been terminated in plaintiff's favor. *Roesch v. Otarola,* 980 F.2d 850, 853 (2d Cir.1992)(dismissal pursuant to accelerated rehabilitation not termination in favor in plaintiff for purposes of civil rights suit); *Konon v. Fornal,* 612 F.Supp. 68, 69–72 (D.Conn.1985)(same). A plaintiff may satisfy this element of proof that he "was discharged without a trial under circumstances amounting to the abandonment of the prosecution without request by him *or arrangement with him." See v. Gosselin,* 133 Conn. 158, 160, 48 A.2d 560 (1946)(emphasis added).

 Inasmuch as the dismissal of the two counts of interfering with a police officer were part of a plea agreement knowingly entered into by the plaintiff, the prosecution did not terminate in his favor.[1] Accordingly, his second count for false arrest[2] fails and summary judgment will be granted as to that count.

1. Plaintiff admitted in his deposition that the resolution of the interference with a police officer charge resulted from *either a request* by him or by arrangement with him in his plea agreement.

2. Although the complaint seemingly does not contain a count for malicious prosecution, plaintiff's memorandum asserts that such is the cause of action. This charge would also fail, inasmuch as the nolle of the two charges

of interfering with a police officer were the result of the knowing plea agreement. Further, the absence of probable cause is an essential element of either false arrest or malicious prosecution. As stated above, there was ample probable cause to charge plaintiff with the two charges of interfering with a police officer. The Court is satisfied that these charges were warranted, based on plaintiff's unruly conduct.

## CONCLUSION

Plaintiff has failed to set forth one genuine issue of fact under the controlling law. Defendants' Motion for Summary Judgment [Doc. No. 25] is GRANTED. The Court will entertain a motion from defendants for attorney's fees and costs.

SO ORDERED